IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLUWASEYI ERUMEVWA, Register No. 061169579, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-1937 |
| JOHN KELLY, Director of Homeland Security, et al., | § § § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Department of Homeland Security detainee Oluwaseyi Erumevwa (A# 061169579) ("Petitioner") has filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1) and a Motion for Summary of Judgment for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petitioner's MSJ") (Docket Entry No. 6) to challenge his continued detention and to complain of inadequate medical care. Respondents ("Respondents") have filed an Amended Motion to Dismiss and Response to Motion for Summary Judgment ("Respondents' Amended Motion to Dismiss") (Docket Entry No. 8). After considering the motions and responses and the applicable law, Petitioner's MSJ will be denied, Respondents' Amended Motion to Dismiss will be granted, and this case will be dismissed for the reasons explained below.

## I. Procedural Posture

In response to Petitioner's MSJ, Respondents did not file a cross-motion for summary judgment. Instead, they filed a Motion to Dismiss and Response to Motion for Summary Judgment in which they submitted summary judgment evidence. Although the court normally cannot consider affidavit evidence when considering a Rule 12(b)(6) motion, because Petitioner moved for summary judgment, the court can consider Respondents' evidence in response to Petitioner's MSJ. See Fed. R. Civ. P. 56(c)(1).

## II. Background[1]

Petitioner Oluwaseyi Erumevwa is a native and citizen of Nigeria who was admitted to the United States as a lawful permanent resident in 2010.[2] Erumevwa was convicted in Texas state court of fraud and forgery.[3] While incarcerated in 2016, the United States Citizenship and Immigration Services ("USCIS") served Erumevwa with a warrant for his arrest. Upon his release from the Texas Department of Criminal Justice, Erumevwa was taken into custody by USCIS on November 17, 2016.[4] On November 18, 2016, Erumevwa was served notice that he was subject to removal under

---

[1]See Sworn Declaration of Rodney T. Johnson ("Johnson Declaration"), Exhibit No. 1 to Respondents' Amended Motion to Dismiss, Docket Entry No. 8-2.

[2]Petition, Docket Entry No. 1, p. 2.

[3]Id. at 3.

[4]Petition, Docket Entry No. 1, p. 1.

§ 237(a)(2)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c). On June 23, 2017, Erumevwa filed his Petition. Erumevwa's application for withholding of removal and relief under the Convention Against Torture was denied on July 11, 2017. On August 1, 2017, the Immigration Judge issued an order of removal. On August 28, 2017, Erumevwa appealed the Immigration Judge's removal decision to the Board of Immigration Appeals.[5] The appeal is currently pending. Erumevwa remains in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Houston Contract Detention Facility awaiting his removal from the United States.[6]

Erumevwa suffers from two hernias and complained of pain while in detention.[7] According to Respondents, "[t]he medical treatment of Erumevwa's hernias is ongoing."[8] According to the Immigration Health Services Corps:

---

[5] Exhibit 3 to Petitioner's June 30, 2017, letter, Docket Entry No. 9-2.

[6] See Online Detainee Locator System, U.S. Immigration and Customs Enforcement, Department of Homeland Security, at https://locator.ice.gov/odls/#/index.

[7] See also ICE Immigration Special Correspondence, Exhibit 2 to Petitioner's June 30, 2017, letter, Docket Entry No. 9-1, pp. 3, 5, 6, 8. Petitioner has submitted documents allegedly comprising part of his medical records (Docket Entry Nos. 9, 12). Although the documents are not submitted in admissible form, because Petitioner is a pro se litigant the court has considered them. Nothing in the documents contradicts or raises a fact issue as to Respondents' summary judgment evidence.

[8] Johnson Declaration, Exhibit No. 1 to Respondents' Amended Motion to Dismiss, Docket Entry No. 8-2, p. 3.

> An initial referral for hernia repair was submitted on
> June 20, 2017 for approval and was rejected by
> Dr. Irizarry, the clinical director. Today, an
> additional referral for hernia repair has been re-
> submitted [on September 11, 2017] after consulting with
> Dr. Peredo-Berger, the currently acting clinical director
> for Houston IHSC. Patient will be informed once a
> scheduled appointment is confirmed with the outside
> provider.[9]

Respondent argues that Petitioner's § 2241 claim is premature and moves to dismiss for failure to state a claim upon which relief may be granted. Petitioner has moved for summary judgment on his Writ of Habeas Corpus and on his medical care claim.

### III. <u>Standards of Review</u>

**A. Motion to Dismiss**

Under the Federal Rules of Civil Procedure a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's pleading must provide the grounds of his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do. . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007). "'[N]aked assertion[s]' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." See <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). "[C]onclusory allegations or legal conclusions

---

[9] <u>Id.</u>

masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). To defeat a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. The court does not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." Southland Securities Corp. v. INSpire Ins. Solutions, Inc., 365 F.3d 353, 361 (5th Cir. 2004) (internal quotation marks and citations omitted). "[C]ourts are required to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), claims based on invalid legal theories, even though they may be otherwise well-pleaded." Flynn v. State Farm Fire and Casualty Insurance Co. (Texas), 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009) (citing Neitzke v. Williams, 109 S. Ct. 1827, 1832 (1989)).

## B. Motion for Summary Judgment

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "The movant accomplishes this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues." Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992) (citing Fed. R. Civ. P. 56(c)). "In order to avoid summary judgment, the nonmovant must identify specific facts within the record that demonstrate the existence of a genuine issue of material fact." CQ, Inc. v. TXU Mining Company, L.P., 565 F.3d 268, 273 (5th Cir. 2009).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000). The court resolves factual controversies in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). "Unsubstantiated assertions are not competent summary judgment evidence." Hugh Symons Group, plc v. Motorola, Inc., 292 F.3d 466, 468 (5th Cir. 2002) (citing Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986)). And "[m]ere conclusory allegations are not competent

summary judgment evidence." Id. (citing Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996)).

The petitioner represents himself in this case. Courts construe pleadings filed by pro se litigants under a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed[.]'") (citation omitted). Nevertheless, "pro se parties must still brief the issues and reasonably comply with [federal procedural rules]." Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). The Fifth Circuit has held that "[t]he notice afforded by the Rules of Civil Procedure and the local rules" is "sufficient" to advise a pro se party of his burden in opposing a summary judgment motion. See Martin v. Harrison County Jail, 975 F.2d 192, 193 (5th Cir. 1992).

### IV. Analysis

A. Motion to Dismiss Writ of Habeas Corpus

Petitioner challenges the reasonableness of his continued detention pursuant to Zadvydas v. Davis, 121 S. Ct. 2491 (2001). The Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 121 S. Ct. at 2500. Erumevwa's detention is governed by 8 U.S.C. § 1231, which provides that the Attorney General "shall remove the alien

from the United States within a period of 90 days" (the "removal period"). 8 U.S.C. § 1231(a)(1)(A). During the removal period the alien shall be detained. Id. § 1231(a)(2). The removal period for Petitioner's case begins on the date the order of removal becomes administratively final. Id. § 1231(a)(1)(B)(I). An alien may be detained beyond the 90-day removal period in some circumstances. Id. § 1231(a)(6). The Supreme Court has held that § 1231 permits detention beyond the 90-day removal period for a time reasonably necessary to accomplish removal from the United States. Zadvydas, 121 S. Ct. at 2505. But "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 2503. Detention for up to six months after the removal order becomes final is presumptively reasonable. Id. at 2505. After the six-month period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

The Immigration Judge ordered the removal of Petitioner on August 1, 2017, and Petitioner appealed that decision on August 28, 2017. Because the appeal is currently pending, the removal order is not administratively final and Zadvydas does not apply. Accordingly, Petitioner's claim is premature.

Because Erumevwa's custody status is being reviewed, he has not shown that he has been denied procedural due process. The issue before the court is whether Erumevwa's continued detention

-8-

pending review and removal is unreasonable. The Supreme Court has held that "[d]etention during removal proceedings is a constitutionally permissible part of that process." Demore v. Kim, 123 S. Ct. 1708, 1721-1722 (2003). But there may come a point at which continued detention becomes unreasonable. See id. at 1726 (Justice Kennedy concurring); Garcia v. Lacy, 2013 WL 3805730, Civil Action No. H-12-3333, at *4 (S.D. Tex. July 19, 2013) (citing Diop v. ICE/Homeland Security, 656 F.3d 221, 231 (3d Cir. 2011)). Erumevwa has been detained since November 17, 2016, or approximately twelve months.[10] Based upon the short duration of his detention, the fact that there is no indication of irregularity in the manner and timeliness of ICE's removal proceedings, and the fact that the current delay is due to Petitioner's own appeal, the court concludes that Petitioner's continued detention during removal proceedings is not unreasonable. See Garcia, 2013 WL 3805730 at *4-5 (holding that 27 months' detention was not unreasonable considering the criminal history). Respondents' Amended Motion to Dismiss will therefore be granted.

**B.   Inadequate Medical Care Claim**

Although medical care claims for convicted prisoners implicate the Eighth Amendment, an immigration detainee's medical care claims against federal officials arise under the Due Process Clause of the

---

[10]See Petition, Docket Entry No. 1, p. 1; Petitioner's June 30, 2017, letter, Docket Entry No. 9.

Fifth Amendment. See Edwards v. Johnson, 209 F.3d 772, 778 (5th Cir. 2000) ("We consider a person detained for deportation to be the equivalent of a pretrial detainee; a pretrial detainee's constitutional claims are considered under the due process clause instead of the Eighth Amendment."); see also Lijadu v. I.N.S., Civil Action No. 06-0518, 2009 WL 508040, at *4 (W.D. La. Feb. 26, 2009) (comparing the rights of immigration detainees in state custody to pretrial detainees protected under the Fourteenth Amendment Due Process Clause). As a practical matter, there is "no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care." Gibbs v. Grimmette, 254 F.3d 545, 548 (5th Cir. 2001). "When the alleged unconstitutional conduct involves an episodic act or omission, the question is whether the state official acted with deliberate indifference to the inmate's constitutional rights, regardless of whether the individual is a pretrial detainee or state inmate." Id. (citing Hare v. City of Corinth, 74 F.3d 633, 645, 647 (5th Cir. 1996). Deliberate indifference in the context of failure to provide reasonable medical care means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. Thompson v. Upshur County, Texas, 245 F.3d 447, 458-59 (5th Cir.

2001). But deliberate indifference "cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." Id. at 459; see also Morgan v. Texas Dept. of Criminal Justice McConnell Unit, 537 F. App'x 502, 506-07 (5th Cir. 2013) ("[A]lthough inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not.").

In his Motion for Summary Judgment Petitioner alleges that ICE and the medical provider refused to schedule a surgery for his hernias.[11] But an additional referral for hernia repair was re-submitted to the clinical director on September 11, 2017, and Petitioner will be informed once a scheduled appointment is confirmed.[12] Petitioner also complains of worsening medical condition caused by excessive medication,[13] but this complaint does not rise to the level of a constitutional violation. Morgan, 537 F. App'x 507. Because Petitioner has not shown deliberate indifference by his health care providers, his Motion for Summary Judgment will be denied and Respondents' Amended Motion to Dismiss this claim will be granted.

---

[11]See Petitioner's MSJ, Docket Entry No. 6, p. 1.

[12]See Johnson Declaration, Exhibit 1 to Respondents' Amended Motion to Dismiss, Docket Entry No. 8-2, p. 3.

[13]See ICE Immigration Special Correspondence, Exhibit 2 to Petitioner's June 30, 2017, letter, Docket Entry No. 9-1, p. 8.

## V. Conclusions and Order

For the reasons explained above, Respondents' Amended Motion to Dismiss (Docket Entry No. 8) is **GRANTED**, and Erumevwa's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket Entry No. 1) is **DISMISSED without prejudice.**

Petitioner's Motion for Summary of Judgment for Writ of Habeas Corpus (Docket Entry No. 6) is **DENIED** because the Respondents' summary judgment evidence shows that Petitioner has no claim for inadequate medical care as a matter of law. Because Respondents filed a motion to dismiss instead of a motion for summary judgment, Petitioner's medical care claim is **DISMISSED without prejudice.**

**SIGNED** at Houston, Texas, on this 6th day of December, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE